NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1768
_____

DENISE STEWART (formerly Gruninger)

v.

AMERICA'S SERVICING COMPANY

DENISE STEWART,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-08-cv-00572
District Judge: The Honorable Mary A. McLaughlin

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2011

Before: McKee, *Chief Judge*, and SMITH, *Circuit Judges,*
and STEARNS, *District Judge*[*]

(Filed:  January 28, 2011)

_____

[*]  The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

1

_____

OPINION
_____

SMITH, *Circuit Judge*.

On December 6, 2005, Denise Gruninger, now Stewart, refinanced her home at 207 Stoneway Lane, Merion Station, Pennsylvania. Although the Mortgage obligated Stewart to pay certain amounts for escrow items such as taxes, insurance, and other assessments, Atlantic Pacific Mortgage Corporation, the Mortgagee, waived the escrow requirement. The "Escrow Waiver" obligated Stewart to pay the escrow items when due and to provide proof of payment upon receipt. Under the terms of the Escrow Waiver, "[f]ailure to pay such items when due . . . g[a]ve Lender the right to reinstate the requirement that these items be paid to Lender to be placed in escrow and paid monthly for the remaining term of the loan."

Stewart's Mortgage was transferred to Morgan Stanley Mortgage Loan Trust 2006 1AR. GMAC initially serviced the loan for Morgan Stanley. Morgan Stanley subsequently terminated its agreement with GMAC, however, and granted Wells Fargo the right to service its loans through Wells Fargo's servicing arm, America's Servicing Corporation (ASC). As a result, Stewart received notice in September of 2006 that GMAC would no longer be servicing her loan and that ASC would be responsible for processing her loan payments. On June 22, 2007, ASC sent Stewart a letter indicating that it had received information that her real estate taxes were past due. ASC asked for proof of payment. In the alternative, ASC offered to assist her

2

in paying the full amount of the past due taxes, including all applicable interest/penalty due. An escrow account will be established on your behalf for the collection of the advance, as well as all future tax bills. Your monthly mortgage payment will increase to repay the advance and to collect for a monthly escrow deposit.

Stewart requested that ASC pay the past due taxes. It did, and, consistent with its offer of assistance and the terms of the Mortgage, it established an escrow account in her name. Thereafter, Stewart denied that she had agreed to establish an escrow account and she refused to pay the escrow amount due with her monthly payments. ASC then advised Stewart that her payments were insufficient. She again disputed ASC's action in establishing an escrow account and asserted that ASC had breached the terms of the Mortgage. On January 7, 2008, because of Stewart's failure to pay the entire sum due, ASC notified Stewart that she was in default and that it intended to foreclose on her home.

Almost a month later, on February 5, 2008, Stewart initiated this civil action against ASC. The two-count complaint alleged claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e and 1692f, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e)(1)(B). After her counsel obtained leave to withdraw, Stewart proceeded *pro se*.[1] She filed an amended complaint, alleging liability on ASC's part for violating the FDCPA, RESPA, breach of contract, defamation, tortious interference with contract, Pennsylvania's Unfair Trade Practices and Consumer Protections Law, the Fair Credit Reporting Act, 15 U.S.C. § 1681, and Pennsylvania's

---

[1] Although Stewart proceeded pro se in the District Court, she is now represented by legal counsel.

3

Fair Credit Extension Uniformity Act.

After discovery closed, ASC filed a motion for summary judgment on each claim. In a thorough decision dated February 22, 2009, the District Court considered each claim, ruling in ASC's favor. Stewart filed a timely notice of appeal.[2] Thereafter, on June 8, 2009, Stewart, as Borrower, and Wells Fargo Bank d/b/a ASC, as Lender, executed a Loan Modification Agreement that acknowledged the outstanding Note and Mortgage and, *inter alia*, reduced her fixed yearly interest rate to 4.5%.

Before us, Stewart does not contend that the District Court erred by dismissing any particular claim. Instead, despite executing the Loan Modification Agreement with ASC during the pendency of this appeal, Stewart contends that summary judgment should not have been granted because ASC failed to establish that it had a right to service her loan. According to Stewart, the affidavit submitted by ASC's representative, Ms. Jennifer Robinson, was inadmissible because Robinson lacked personal knowledge about the Morgan Stanley trust documents.

We will affirm the District Court's judgment. Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The District Court appropriately considered Robinson's affidavit, which

---

[2] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We exercise appellate jurisdiction under 28 U.S.C. § 1291. We review a District Court's

was based on her personal knowledge of the contents of Stewart's loan file. *See* Fed. R. Civ. P. 56(e)(1). Robinson's affidavit described the transactions that established ASC's right to service Stewarts's loan, including the document in which Morgan Stanley terminated GMAC as the servicing agent and agreed to utilize ASC's services. Thus, Stewart, as the nonmoving party, had to go beyond the pleadings by way of affidavits or other admissible evidentiary material to establish that there is a genuine issue of material fact for trial. *Clark v. Clabaugh*, 20 F.3d 1290, 1294 (3d Cir. 1994). Yet, as the District Court pointed out, Stewart did not produce any evidence rebutting the affirmations in Robinson's affidavit. As a consequence, we find no error in the District Court's determination that ASC demonstrated that it had the right to service Stewart's loan.

Accordingly, we will affirm the judgment of the District Court.

.

---

grant of a motion for summary judgment *de novo*. *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010).